F. Christopher Austin,
(NV Bar No. 6559)
**WEIDE & MILLER, LTD.**
7251 W. Lake Mead Blvd., Suite 530
(702) 382-4804
caustin@weidemiller.com
*Attorney for Plaintiff – Appellant*
*Marc J. Randazza*

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARC J. RANDAZZA,<br><br>   Plaintiff – Appellant,<br><br>and<br><br>JENNIFER RANDAZZA; NATALIA RANDAZZA,<br><br>   Plaintiffs,<br><br> v.<br><br>CRYSTAL COX,<br><br>   Defendant – Appellee. | No. 15-15610<br><br>D.C. No. 2:12-cv-02040-JAD-PAL<br>U.S. District Court for Nevada, Las Vegas<br><br>**APPELLANT'S MOTION FOR REINSTATEMENT OF APPEAL AND**<br>**RESPONSE TO ORDER TO SHOW CAUSE** |

  Appellant, Marc J. Randazza, hereby moves for reinstatement of the instant appeal and respectfully submits a response to the Court's April 10, 2015 order directing that Appellant either move for voluntary dismissal of this appeal or show cause why it should not be dismissed for lack of jurisdiction.

1

## INTRODUCTION

On May 15, 2015, the Court dismissed this appeal (Dkt. 3) ("Dismissal Order"[1]) for failure to respond to the Court's April 10, 2015, order to show cause why this appeal should not be dismissed (Dkt. 2) ("Order to Show Cause"[2]). As set forth herein, Appellant failed to respond to the Order to Show Cause because Appellant never received notice of the order. *See, generally,* Declaration of F. Christopher Austin in Support of Motion for Reinstatement, filed and served herewith ("Austin Decl.").[3] Appellant's counsel of record for the appeal, F. Christopher Austin, never received the April 10th order because it was sent to a terminated email address for Mr. Austin's firm of three years prior,[4] rather than to the correct address and email set forth on the Notice of Appeal.[5] *Id.* at ¶16. Thus, the failure to respond to the Order to Show Cause was completely outside of Mr. Randazza's control, and it would be unjust for the Appellant to be deprived of his right to an appeal simply because his counsel did not receive a communication – no

---

[1] The May 15, 2015, Dismissal Order is attached hereto as Exhibit 8.

[2] The April 10, 2015, Order to Show Cause is attached hereto as Exhibit 7.

[3] The Declaration of F. Christopher Austin is attached hereto as Exhibit 1.

[4] Although the Court also sent an email to Ron Green, Mr. Green was neither counsel for Appellant on the appeal nor Appellant. Furthermore, Mr. Green was out of the state at the time attending to a medical emergency. *See, generally,* Declaration of Ronald D. Green ("Green Decl."), attached hereto as Exhibit 2.

[5] The Notice of Appeal is attached hereto as Exhibit 3.

2

matter who is to blame.

Had Appellant received notice of the Order to Show Cause, he would have immediately addressed the Court's concerns regarding jurisdiction over this appeal. This appeal was brought upon the denial by the U.S. District Court for the District of Nevada of Appellant's 2014 special motion to dismiss Defendant-Appellee's counterclaims under Nevada's anti-SLAPP law (NRS 41.660). The Order to Show Cause relied upon *Metabolic Research, Inc. v. Ferrell,* 693 F.3d 795 (9th Cir. 2012), which held that orders regarding Nevada's anti-SLAPP law are not immediately appealable because the statute lacks language expressly providing for an interlocutory appeal. *See* Order to Show Cause. However, Nevada's anti-SLAPP law was amended in 2013 in response to the *Metabolic Research* holding to expressly provide for "an interlocutory appeal." NRS 41.670. Appellant's special motion to dismiss was brought under the amended and immediately appealable 2013 Nevada anti-SLAPP law. Jurisdiction before this Court is, therefore, proper, and the Order to Show Cause was issued based on outdated law.

## DISCUSSION

### I. Appellant Never Received Notice of the Order to Show Cause

The April 10, 2015, Order to Show Cause states that "Notice will be electronically mailed to: Franklin Christopher Austin, and Ronald D. Green." *See* Order to Show Cause. Service on Appellee was mailed to the address for her listed

on the Notice of Appeal. *Id.*

Mr. Austin is the only attorney for Appellant. Austin Decl. at ¶1; Green Decl. at ¶¶1-6. Mr. Green is neither counsel for Appellant, nor Appellant himself. Austin Decl. at ¶1; Green Decl. at ¶1-6. Notice was never effectuated on Mr. Austin because the email to which the Court sent the Order to Show Cause had been terminated nearly three years earlier. Austin Decl. at ¶16. Mr. Green, though not counsel for Appellant, did not see the email because he was out of the office attending to an emergency medical matter. Green Decl. at ¶¶6-8. Mr. Green did not receive the email transmitting the Order to Show Cause until he returned from his medical leave. *Id.* Even if he had not been on leave, Mr. Green was not the proper recipient, nor was he responsible for the appeal, but even if he been, he was medically precluded from receiving the email. *Id.*

Immediately, upon learning of the Order to Show Cause, Mr. Austin contacted a deputy clerk of the Court to learn what had happened. Austin Decl. at ¶18. He was particularly concerned since his contact information was correctly printed on the Notice of Appeal and correctly listed on the Nevada District Court's ECF data system. *Id.* at 18-22. He was surprised to learn that, because his prior firm had registered him in 2006 with the Circuit Court ECF system, that record would never expire, and the Court would thereafter disregard the contact information listed on the Notice of Appeal in favor of that old ECF record. *Id.* Mr. Austin reasonably

4

believed that the contact information on the Notice of Appeal would be the information that the Court would use to communicate with him. *Id.* Had Mr. Austin never registered with the Court's ECF system, the clerk informed him, notice of the Order to Show Cause would have been sent to him based on the correct information listed on the Notice of Appeal. *Id.* at ¶20.

Mr. Austin contacted Harry Rhoades, the Senior Technical Support Specialist, at Mr. Austin's former firm who confirmed that his old email had in fact been terminated, that no email sent to the terminated address could be delivered, that an attempt to deliver an email to his terminated account had been made on April 10, 2015 by the Circuit Court, and that such delivery attempt had failed. *Id*; *see generally* Declaration of Harry Rhoades in Support of Motion for Reinstatement of Appeal ("Rhoades Decl.")[6]

Because terminated accounts are not monitored, Mr. Rhoades further confirmed that no one at Mr. Austin's former firm would have been able to see or inform him of the Court's attempt to email the Order to Show Cause. Rhoades Decl. at ¶13. In fact, Mr. Rhoades confirmed that emails sent to Mr. Austin's terminated account should generate an automatic "delivery has failed" report that would be emailed back to the sending address. *Id*. at ¶¶6-7.

In this case, however, while Mr. Rhoades was able to confirm that the email

---

[6] Attached as Exhibit 10 to the Motion to Reinstate.

the Court sent to Mr. Austin was not delivered, he was surprised to learn that a "delivery has failed" report also was not sent back. *Id.* at ¶¶10-12. Apparently the firm's firewall software determined that the email from the Court was "incomplete," which prevented the firm's server from generating a return email stating that delivery to Mr. Austin had failed. *Id.*

In short, the only notice provided to Mr. Austin was sent to an old email address, which was not in use for years, to which Mr. Austin, rightly or wrongly had no expectation would be used by the Court instead of the address provided in the Notice of Appeal. *See* Austin Decl. at ¶18-21. Under these circumstances, Mr. Austin may be excused for not being informed, but Mr. Randazza most certainly should suffer no consequences for this error, which he could not have prevented, no matter what he did.

## II. The Appeal Should Be Reinstated

Pursuant to Ninth Circuit General Rule 2.4, "Motions to reinstate shall be granted only upon a showing of extraordinary and compelling circumstances." There is no bright line definition in the rule of what constitutes "extraordinary and compelling circumstances." Rather, it is an equitable judgment based upon the particular events and circumstances of the individual case. Generally, courts take account of the culpability of the movant, the fairness of the result in light of the circumstances, and the prejudice to the effected parties. *See, e.g.,* 12 *Moore's*

*Federal Practice* §60.48[3][b] (Matthew Bender 3d ed.)[7] In this case, the Movant has no culpability at all, and the fairness to Mr. Randazza is painfully absent, as he will lose his right to an appeal, as granted to him by statute, simply because of an error that is, at best a mere "glitch," and even at worst, negligence of his counsel – but that in no way is his fault.

The circumstances resulting in the dismissal of Mr. Randazza's appeal are extraordinary and compelling. The failure of Appellant to timely respond to the Order to Show Cause was not Mr. Randazza's fault.

As set forth in the Declarations of Mr. Austin and Mr. Green, at no point did Mr. Randazza ever have any actual notice of the Order to Show Cause or any opportunity to respond to it. He did nothing wrong. Yet he bears the full and unjust weight of the loss of his right to appeal. The law gives Mr. Randazza a right to an interlocutory appeal, and his fundamental rights under the First Amendment and the Nevada anti-SLAPP statute will be effectively extinguished, all as a result of a communication error that was none of his doing, out of his control, and for which he is entirely blameless.

Appellant had neither actual nor constructive notice. Constructive notice requires that service be made in a manner such that the person served can fairly be

---

[7] Case law interpreting the rule finding extraordinary circumstances are circumstances where the movant is without fault, or "unable to take any steps that would have prevented the judgment from which relief is sought." *Id.*

deemed to have received it, such that any failure to actually have received it can be imputed to the party to be noticed. *See e.g. Freedom Mortgage Corp. v. Travoare Homeowners Assoc.,* 2014 U.S. Dist. LEXIS 22412 (D. Nev. Feb. 21, 2014), *quoting, Allison Steel Mfg. Co. v. Bentonite, Inc.* 86 Nev. 494, 471 P.2d 666, 668 (Nev. 1970) ("Constructive notice is that which is imparted to a person upon strictly legal inference of matters which he necessary ought to know, or which, by the exercise of ordinary diligence, he might know.").

In this case, neither counsel for Appellant, nor Mr. Randazza had actual notice of the Order to Show Cause, and the service of the order to Mr. Austin's terminated email does not constitute notice at all. Under the Federal Rules, a party may only serve by email if the receiving party consents to the same, and such consent is only valid for the case in which it is requested. Fed.R.Civ.P 4(b)(2)(E). Once given, such consent is inadequate to authorize service by email in any subsequent case. *Id.* Moreover such email service "is not effective if the serving party learns that [email service] did not reach the person to be served." *Id.*

Here, the attempted service on Mr. Austin was defective. Mr. Austin submitted a Notice of Appeal, with a valid email address, but the Court did not inform him of the Order to Show Cause at the address he provided. *See* Order to Show Cause; *see* Austin Decl. at ¶18. Meanwhile, the Court informed the opposing party via mail, at the address listed on the Notice of Appeal; thus, only the Appellee

received notice – and the Appellee, unsurprisingly, declined to bring it to the Appellant's attention.

It is unreasonable and unfair to the Appellant to deem the mere registration of Mr. Austin with the ECF system by his firm over 9 years ago as consent to accept service at that terminated email account on any matter that might come before the Court at any time in perpetuity. Moreover, because Mr. Austin's email had in fact been terminated years earlier, such that any email to the terminated account should generate a "delivery has failed" responsive email, the service cannot be effective.

In such a case, the sending party should be deemed to have been put on constructive notice that the email had not been delivered, even if the sending party failed to monitor or failed to have a system in place to monitor emails returned to the sender's email address. Certainly, had Appellant attempted service on another party by such means in violation of Rule 4, the service would have been ineffective and likely rejected by the Court. That Appellant's case has been dismissed because he was deemed served by such ineffective means is an extraordinary circumstance warranting reinstatement.

As set forth in the Declarations of Mr. Rhoades, it appears the email from the Court to Mr. Austin's terminated account not only was not delivered, it was not even accepted as a "complete" email by the server. *See* Rhoades Decl. at ¶¶10-12. As a result, the firm's server could not send an automatic "delivery has failed" response

9

back to the Court. *Id.* Thus, even if the Court had monitored the email used to send the Order to Show Cause, it would not have been informed that delivery on Mr. Austin had failed.

Further, even if the Court had a policy to mail the order to the address listed on the Notice of Appeal if the Court received a "delivery has failed" return on an email sent through the ECF system, such a policy would have been to no avail in this case. In this case, even though the email was not in fact delivered, due to software protocols that were not anticipated by Mr. Austin, his former firm, or the Court, the Court would not have received a return email telling the Court its email could not be delivered to Mr. Austin. The circumstances depriving Appellant's counsel of notice of the Order to Show Cause are extraordinary. As such, to deprive Mr. Randazza of his appellate rights because of such unforeseen glitches is unfair, and the appeal should be reinstated.

In the alternative, if the Court deems the notice to Mr. Austin was not ineffective or deficient, it certainly was no fault of Mr. Randazza's that Mr. Austin did not receive notice, and, thus, it would be manifestly unjust to extinguish Mr. Randazza's rights simply because Mr. Austin did not receive notice – no matter whose fault it is. Even if Mr. Austin was negligent, this does not warrant such a harsh remedy as the loss of Mr. Randazza's appeal rights. See *Lal v. California*, 610 F.3d 518, 521 (9th Cir. 2010) (attorney's negligence constituted an "extraordinary

circumstance" warranting relief from a judgment dismissing a case for failure to prosecute). See also *Mackey v. Hoffman*, 682 F.3d 1247, 1251 (9th Cir. 2012) (negligence of counsel should not be imputed to client); *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1169-71 (9th Cir. 2002) (same).

Additionally, it is extraordinarily unjust that Appellant should face the dismissal of his appeal on his failure to respond to an Order to Show Cause that was so clearly erroneous. As set forth more fully in the next section, the Order to Show Cause entirely relied upon the wrong law, a law that had been expressly amended to correct the very deficiency the order relied upon. Its issuance is clearly erroneous. To punish Appellant for his counsel's failure to respond to an order that should never have issued in the first place is unfair and an extraordinary and compelling circumstance warranting reinstatement.

The circumstances resulting in the dismissal of this appeal are extraordinary and compel reinstatement. Appellant complied with the Federal Rules. He timely filed his Notice of Appeal. He properly docketed the Time Schedule Order issued by the Circuit and filed by the District Court. He had yet to even submit any document directly to the Circuit Court,[8] and he had no reason to expect any court action[9] on his appeal until after briefing, which was not to commence until July,

---

[8] This is because notices of appeal are filed with the District Court and not with the Circuit.

[9] As set forth in the next section, it would have been unreasonable to assume the Court would even be issuing an Order to Show Cause based on the clear error of applying the wrong law.

2015. At worst, his counsel was negligent – but even then, his counsel never received notice, and could not have received notice. Randazza's appeal should be reinstated and heard on the merits.

### III. Nevada's Amended Anti-SLAPP Law Is Immediately Appealable

The April 10, 2015, Order to Show Cause was based on the conclusion by the Court that "Nevada's anti-SLAPP statute is not immediately appealable," as held by *Metabolic Research v. Ferrell*, 693 F.3d 795. Order to Show Cause. The *Metabolic Research* opinion was issued in 2012 and held that "Nevada's anti-SLAPP statute does not expressly provide for an immediate right to appeal." *Metabolic Research* at 801. In reaching this conclusion, the Court noted that while Nevada's law (NRS 44.660 et. seq.) was based on California's anti-SLAPP law, it lacked the "unequivocal language concerning an immediate right to appeal" contained in the California statute.

In 2013, the Nevada legislature in a response to the Circuit Court's holding in *Metabolic Research* amended Nevada's anti-SLAPP law to include the "unequivocal language concerning an immediate right to appeal" the Circuit Court had noted was missing from the statute necessary to make the law immediately appealable. NRS 41.670.

The amended law now provides: "[i]f the court denies the special motion to dismiss filed pursuant to NRS 41.660, an interlocutory appeal lies to the Supreme

12

Court." NRS 41.670(4). By including this unequivocal language providing for an "interlocutory appeal" in the 2013 amendment to Nevada's anti-SLAPP law, the law became immediately appealable, and distinguishable from the facts of *Metabolic Research*. The *Metabolic Research* holding that Nevada's anti-SLAPP law is not immediately appealable simply does not apply to current Nevada law.

Appellant's 2014 special motion to dismiss was brought under Nevada's current 2013 amended anti-SLAPP law. Because that law expressly provides for "an interlocutory appeal" upon the denial of the special motion to dismiss, the appeal by Appellant of the District Court's dismissal of his special motion to dismiss, "filed pursuant to NRS 41.660," is immediately appealable. This Court, therefore, properly may exercise jurisdiction and consider Appellant's appeal, and no order dismissing it for lack of jurisdiction should issue.

## CONCLUSION

For the reasons set forth above, Appellant respectfully requests the Court reinstate his appeal, find that Nevada's anti-SLAPP law as amended in 2013 is immediately appealable, and affirm that the Court's exercise of jurisdiction is proper.

Should the Court reinstate this appeal, Appellant further requests that a new Scheduling Order issue, properly extending the briefing deadlines 60 days from any order granting this Motion. This extension is requested to provide Appellant with

approximately the same amount of time to prepare his opening brief as he otherwise would have had if he had not needed to bring the instant Motion to reinstate the appeal.

        Respectfully Submitted,

        */s/ F. Christopher Austin*
        F. Christopher Austin,
        **WEIDE & MILLER, LTD.**
        7251 W. Lake Mead Blvd., Suite 530
        (702) 382-4804
        caustin@weidemiller.com
        *Attorney for Plaintiff – Appellant*
        *Marc J. Randazza*

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on May 29, 2015.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Ronald D. Green
Randazza Legal Group
3625 S. Town Center Drive
Suite 150
Las Vegas, NV 89135
Email: rdg@randazza.com

and via U.S. Mail to the party below requesting notice:

Crystal Cox
P.O. Box 2027
Port Townsend, WA 98368

/s/ Brandy A. Brown
An Employee of Weide & Miller, Ltd.